

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1956
Re: Authority of the Railroad Commis-
sion to divide an interstate
special commodity permit

We received your letter dated February 6, 1940,
which is self-explanatory and reads, in part, as follows:

"On March 8, 1932, the Railroad Commission
granted Interstate Special Commodity Permit No.
12142 to Herrin Transfer and Warehouse Company,
Incorporated, Shreveport, Louisiana, authorizing
the transportation of Household Goods, Farm
Machinery and Oilfield Equipment in an exclu-
sively interstate transportation service from
points within the State of Louisiana to points
within the State of Texas and from points
within the State of Texas to points within the
State of Louisiana, which Permit now authorizes
the operation of eight trucks.

"We have an application from this Operator,
requesting that said Permit be divided and that
two separate and distinct permits be issued in
lieu thereof, one for the transportation of
Household Goods only, using three trucks, the
other for the transportation of Farm Machinery
and Oilfield Equipment, using five trucks.

"   . . .

"QUESTION: Does the Railroad Commission have
authority, under the Motor Carrier Law of Texas,
to divide such a Special Commodity Permit?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James E. Kilday, Page 2

Article 911b, Section 6 (d) of Vernon's Annotated Civil Statutes, reads, in part, as follows:

"The Railroad Commission is hereby given authority to issue upon application to those persons who desire to engage in the business of transporting for hire over the highways of this State, livestock, mohair, wool, milk, livestock feedstuffs, household goods, oil field equipment, and used office furniture and equipment, timber when in its natural state, farm machinery and grain special permits upon such terms, conditions and restrictsion as the Railroad Commission may deem proper, and to make rules and regulations governing such operations keeping in mind the protection of the highways and the safety of thetraveling public; . . ."

The above article gives the Railroad Commission the authority to issue the said permits "upon such terms, conditions, and restrictions as the Railroad Commission may deem proper, . . ." We are of the opinion that the Railroad Commission has the authority under the above article to divide such an interstate special commodity permit. It may well be that the Railroad Commission may find it necessary, in order to more effectively regulate interstate special commodity motor carriers, to issue separate permits to an applicant who desires to haul different commodities rather than combining the authority to haul several commodities in the same permit.

Nothing in this opinion shall be construed as holding that any person, firm or corporation can hold several permits without complying with the provisions of the Motor Carrier Act with respect to the payment of the necessary fees, etc., which are prerequisite to the obtaining of each permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

APPROVEDMAR 21, 1940

*Geraeld C. Mann*
ATTORNEY GENERAL OF TEXAS

By *Lee Shoptaw*

Lee Shoptaw

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN.

LS:GO